### John C. Humphreys *versus* John Cobb & *al.*

So far as it respects the rights of the creditor, the effect is the same, if the execution be placed in the hands of the sheriff, within thirty days after judgment, as it would have been if it had been placed in the hands of his deputy who made the attachment, for the law regards the sheriff and his deputy the same officer.

When the sheriff has the execution in his hands for service, notice to his deputy who made the attachment, within the thirty days, that the attachment has been preserved and that the creditor claims to have the property attached applied to satisfy the execution, will be equivalent to a demand for the property.

If the attaching officer delivers the property to a third person, taking his receipt to re-deliver the same, and afterwards, before the expiration of thirty days after judgment, sends the receipt to the attorney of the creditor, without any request or agreement that it should be received as a substitute for the claim of the creditor upon the officer for a delivery of the property, and the attorney takes measures to obtain it from the receiptor; this does not discharge the officer from his liability. ·

This stipulation in a receipt to an officer for property attached, on the delivery thereof; "I further agree, that if no demand be made, I will, within thirty days from the rendition of judgment in the action aforesaid, re-deliver all the above described property as aforesaid at the above named place, and forthwith notify said officer of said delivery," appears to be a valid contract.

At the trial before Whitman C. J. after the evidence was all introduced, the cause was by consent taken from the jury, and it was agreed that a nonsuit or default might be entered, as the Court might advise, upon a consideration of the evidence. All the facts necessary for understanding the questions decided, will be found in the opinion of the Court.

*Haines*, for the plaintiff, contended that the officer who at-. taches personal property, is bound to keep it in safety, so that it may be had to satisfy the execution which may follow the attachment. He may perform this duty through the agency of others, but will be responsible for the value of the property attached, if lost through the carelessness or infidelity of his keepers. 19 Pick. 521 ; Story on Bailments, § 128.

True it is, that the judgment creditor should within thirty days from judgment demand the property attached of the deputy who attached it, or of the sheriff. But as between the

sheriff and his deputy no such demand is necessary. When the deputy is removed, or unable to discharge the duties of the office, he is, like other agents, bound without notice to afford his principal all the means and facilities in his power to finish up the unexecuted business. Story's Agency, 210.

If a demand upon Cobb within the thirty days were actually necessary, still the plaintiff is entitled to recover here, on the ground that Cobb actually waived a demand. 16 Maine R. 54.

The order of Cobb on the receiptor to deliver the property attached, to be taken on the execution, implies a demand. It is sufficient, if the attaching officer has notice, and no particular form of words is necessary. *Hapgood* v. *Hill*, 20 Maine R. 372.

The return of the officer on the execution of a demand on the attaching officer, is *prima facie* evidence, that it was made. 20 Maine R. 372.

*Fessenden & Deblois*, for the defendants, contended that the suit could not be maintained, because the execution recovered against the debtor had not been, within thirty days after the rendition of judgment, delivered to said Cobb to be by him executed, nor was the same ever in his hands for that purpose, or tendered to him; nor had the property been demanded of him within the thirty days. *Howard* v. *Smith*, 12 Pick. 202; *Norris* v. *Bridgham*, 14 Maine R. 429; *Bradbury* v. *Taylor*, 8 Greenl. 130; *Norris* v. *Blethen*, 19 Maine R. 348; *Webster* v. *Coffin*, 14 Mass. R. 199; *Carr* v. *Farley*, 3 Fairf. 328; *Tukey* v. *Smith*, 6 Shepl. 125; *Merrill* v. *Curtis*, ib. 272; *Morton* v. *White*, 4 Shepl. 53.

Asking and receiving the receipt from Cobb, and demanding the property of the receiptor, and omitting to demand it of Cobb, is a subsequent ratification of the taking of the receipt, and that is equivalent to a prior authority. If the property was delivered to the receiptor on the nomination of the creditor, the officer is not liable. *Donham* v. *Wild*, 19 Pick. 520; *Train* v. *Gold*, 5 Pick. 380; 4 T. R. 120; *Phillips* v. *Bridge*, 11 Mass. R. 248; *Rundlett* v. *Bell*, 5 N. H. R. 433;

*Higgins* v. *Kendrick*, 2 Shepl. 83. The attorney has power to fix the rights of his client in this respect. *Jenney* v. *Delesdernier*, 20 Maine R. 183.

As to the judgment against Humphreys, the defendants are not precluded by it, because it was an action between other parties; because every allegation of neglect was made as well against the sheriff as his deputy; because it was rendered on default; and because Cobb took no part in the defence. Parol evidence is inadmissible to prove the grounds of a regular judgment. *Legg* v. *Legg*, 8 Mass. R. 99.

The opinion of the Court was afterwards drawn up by

SHEPLEY J. — This action is brought by the plaintiff, who was formerly sheriff of this county, against the defendant, Cobb, who was formerly his deputy, and against the other defendants as his sureties, upon his official bond. The deputy, on May 25, 1840, attached certain personal property on a writ in favor of Messrs. Upham and Eastman against Charles D. Bearce; and on the same day delivered it to William Bradbury, taking his accountable receipt therefor. Judgment was obtained in that suit, and the execution issued thereon, was placed in the hands of another deputy of the plaintiff; and also in the hands of the plaintiff within thirty days after judgment with written directions, indorsed thereon, to levy on the personal property attached on the writ. The creditors having failed to obtain satisfaction of their execution, brought an action against the plaintiff, and recovered judgment against him; and he has paid that judgment.

The defendants contend, that the deputy was not guilty of any neglect or default by not delivering the property attached, that it might be sold on the execution, because it was not demanded of him within thirty days after judgment. If the creditor cause his execution to be placed in the hands of the officer, who has made the attachment, he being still in office, within thirty days after judgment, that will be sufficient notice to him, that the creditor claims to have the goods, which were attached, applied to satisfy the execution; and that he is not

at liberty to restore them to the debtor. When the execution is not placed in the hands of that officer, but in the hands of another deputy, or in those of a constable or coroner, a demand should be made upon the officer, who attached the goods, within thirty days after judgment, or he, being without notice that the creditor has not obtained payment in some other mode, may be obliged to restore the goods to the debtor. And it is in cases of this description, that it has often been decided, that such a demand upon the attaching officer was necessary. The execution was in this case placed in the hands of the sheriff himself within the thirty days, after having been previously in the hands of another of his deputies, who did not make any demand upon the attaching officer. So far as it respected the creditor's rights the effect was the same, as it would have been, if it had been placed in the hands of the deputy, who made the attachment, for the law regards the sheriff and his deputy as the same officer. When the sheriff has the execution for service, notice to the deputy within the thirty days, that the attachment has been preserved, and that the creditor's claim to have the property attached, applied to satisfy the execution, will be equivalent to a demand for the property, because he will thereby be informed, that the debtor is not entitled to have the property restored to him. And if after such information he should restore it to the debtor, he would be unfaithful to his principal, and would manifest an intention to do him an injury. Such information appears to have been communicated by the sheriff to his deputy in this case. The plaintiff, having the execution and the receipt for the property, presented that receipt to the deputy within the thirty days with an order in writing upon it, which the deputy signed after being informed, as the witness says, " what the order was." That order was in these words. " William Bradbury, Esq. Please deliver the within described property, or amount of money herein named, to Gen. John C. Humphreys, sheriff of Cumberland County, that he may satisfy the *Execution* v. *Bearce* therewith. My illness prevents my personal attention to the same. Nov. 12, 1840." By this it appears that the deputy was not only in-

formed, that the attachment was preserved, and that the property was required to satisfy the execution, but he directed his bailee to deliver it to the plaintiff for that purpose. And it would have been a gross dereliction of his duty to have returned the property after this to the debtor. As between the sheriff and his deputy a more formal demand could not be required.

It is further contended, that the deputy was discharged by surrendering the receipt for the property to the creditor's attorneys, and by the subsequent proceedings in relation to it. There does not appear to have been any request or agreement, when the receipt was sent to the attorneys, that they should receive it as a substitute for the claim of the creditors upon the officer for a delivery of the property. They could not have injured the deputy by causing a demand to be made upon the bailee for the property; and if, through any neglect on their part, there was a failure to make a legal demand, the sheriff would not be responsible for it. The argument is, that the verbal demand for the property made at the dwellinghouse of the bailee, in his absence, was not sufficient. If this were so, he might have avoided his contract and all responsibility by leaving the town, in which the goods must be delivered and the demand made, for the space of thirty days. It is not however necessary to decide this point, for it does not appear, that the plaintiff or his other deputy, if they acted as the agents of this deputy, were guilty of any neglect while making the demand, or attempting to do it. And if there was no legal demand, it does not appear, that the right of the deputy to call upon his bailee to deliver the property, or for damages, has been destroyed. One stipulation in his receipt is, " and I further agree, that if no demand be made, I will within thirty days from the rendition of judgment in the action aforesaid, re-deliver all the above described property as aforesaid at the above-named place, and forthwith notify said officer of said delivery." There is nothing in this case to authorize the conclusion, that it was not a subsisting and binding stipulation. The deputy was informed within the thirty days, that the attachment had

been preserved, that the execution was in the hands of his principal, and that the property was wanted to satisfy it. He was responsible for its safe keeping and delivery for that purpose. If by reason of sickness his mind and body were disordered, so that he could not within the thirty days procure it from his bailee and deliver it for that purpose, his misfortune may occasion commiseration for him, and regret, that his bailee should not have felt more strongly, under such circumstances, the obligation to save him harmless by a delivery of the property. But these matters can have no influence upon the legal rights of the parties.

*The defendants are to be defaulted.*